PEOPLE ex rel. BOARD OF STATE HARBOR COMMIS-
SIONERS, Respondents, v. THE CENTRAL WHARF
JOINT STOCK COMPANY OF SAN FRANCISCO,
Appellants.

### No. 800; October 8, 1866.

**The So-called "Legislative Assembly of the District of San
Francisco"** and the ayuntamiento of San Francisco had no valid powers
whereby the former could make a grant and the latter confirm it.

APPEAL from Fourth Judicial District, San Francisco
County.

This suit was brought to have the defendants enjoined per-
petually from collecting tolls, wharfage, anchorage, dockage
or other duty out of or connected with the Commercial street
wharf and waterfront in the city of San Francisco, and to
have it decreed that the plaintiffs have the right thereto and
the possession, also to have a receiver appointed; also for an
accounting and for damages. The facts were these: On the
3d of May, 1849, the legislative assembly of the district of
San Francisco passed an act entitled, "An act to incorporate
the Central Wharf Joint Stock Company of San Francisco,
Cal.," assuming the power to "ordain, constitute and appoint"
all such persons as were then or thereafter might become
members, etc., to be a body corporate and politic, in fact and
in name, "for the purpose of building and keeping in repair
a wharf, to run from some point in Montgomery street, be-
tween Clay and Sacramento streets, to the ship channel in
front of said town." By section 10 of the act there was
demised to the company, its successors and assigns, during
the continuance of the act, "all that portion of the beach and
water lots" included within those streets and the ship channel,
provided that the lots should be appropriated to no other
purpose than "basins for the reception of vessels," etc. On
the 5th of the same month Leavenworth, alcalde, granted to
Rodman M. Price, for the benefit of the company, the entire
block of water lots "bounded by Clay street, Battery street,
Sacramento and Front streets containing one hundred varas
square," which block Price thereupon conveyed to the com-

pany during the same month. The next winter, in response to a petition by Price to the "town council," a committee of that body recommended that the ayuntamiento confirm the grant made, as above, by the legislative assembly. This was done as recommended. Under these ordinances, and without any other authority, the company constructed their wharves, and subsequently, as the city advanced, indifferent to the proviso, filled up many of the water lots and built warehouses on them, besides pushing wharves at angles that took them beyond the limits of the grant.

It was contended by the plaintiff, among other things, that the pretended act of incorporation was a nullity and gave no rights to the defendants—that the confirmation by the ayuntamiento gave no validity to the pretended charter, but was itself wholly without authority and void. The court below so found and gave judgment accordingly.

E. Tompkins for respondents; J. B. Felton for appellants.

SANDERSON, J.—That the so-called "legislative assembly of the district of San Francisco" and the ayuntamiento of San Francisco did not possess the power which they exercised, or attempted to exercise in this case, is too obvious for argument. The first was an illegal and unauthorized body and their assumption of legislative functions a usurpation. The confirmation by the ayuntamiento imparted no validity to the previous grant of the "legislative assembly of the district of San Francisco" for the reason that that body did not itself possess the power to make such a grant and could not therefore confirm and make valid a previous void grant.

Judgment affirmed.

We concur: Shafter, J.; Rhodes, J.; Currey, C. J.; Sawyer, J.